UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:25-cv-00008-MR

| | |
|---|---|
| JESSE N. FRISBEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| NORTH CAROLINA DEPARTMENT ) | |
| OF ADULT CORRECTION, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint. [Doc. 1]. See 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 4].

**I.      BACKGROUND**

Pro se Plaintiff Jesse N. Frisbee ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Marion Correctional Institution ("Marion CI") in Marion, North Carolina. Plaintiff filed this action on January 13, 2025, pursuant to 42 U.S.C. § 1983 against Defendants North Carolina Department of Adult Correction (NCDAC); Marion CI; FNU Nichols, Marion Sergeant; FNU Holloway, Marion Correctional Officer; FNU Newman, Marion Sergeant; FNU Morgan, Marion Sergeant; and FNU Kalinowski, Marion Sergeant. [Doc. 1]. Plaintiff sues Defendants in their individual and official

capacities. [Id. at 9].

Plaintiff alleges as follows. On December 17, 2024, Plaintiff was removed from his cell while Defendant Kalinowski searched his cell. After the cell search, Plaintiff was brought to Defendant Kalinowski's office where Kalinowski notified Plaintiff that certain personal property items had been confiscated from his cell. Because Defendant Kalinowski refused to tell Plaintiff what property had been confiscated, Plaintiff refused to sign the property inventory form. Defendant Kalinowski told Plaintiff he would "commence a disciplinary" if Plaintiff refused to sign the form and then yelled at Plaintiff to get out of his office and called Plaintiff "an ignorant ni**er." [Id. at 7]. Defendant Kalinwoski "briskly escorted [Plaintiff] to segregation." [Id. at 7].

Once Plaintiff's property was returned to him in segregation, Plaintiff noticed that "multiple highly valued pieces of property" were missing, including a manilla envelope full of legal documents, a "complete handwritten chapter book pertaining to evangical [sic] Christianity," a canteen-purchased radio, and approximately 15 pages of "high quality religious artwork." Plaintiff intended to self-publish the book and the artwork. [Id. at 7]. Defendant Newman was responsible for the property inventory and movement of the property to segregation. [Id. at 8]. Plaintiff filed grievances related to "this

2

negligence and retaliation." [Id.].

At some point, Plaintiff noticed that his segregation cell toilet "was literally filled to the brim with someone elses [*sic*] sewage and fecal matter." [Id. at 8]. Plaintiff asked multiple times over multiple days to be moved to an open cell. [Id.]. Plaintiff noticed that "officers" had grown hostile toward him for filing multiple grievances about the toilet situation. Plaintiff asked several corrections officers for assistance with his plumbing, including Defendants Newman, Morgan, and Holloway. [Id.]. On December 27, 2024, after ten days in the segregation cell with a sewage-filled toilet and having "a few grievances blatantly ignored," Plaintiff filed another grievance, which was finally taken seriously. Plaintiff alleges that "[t]his is clearly another form of retaliation[.]" [Id.]. Meanwhile, Defendant Nichols provided Plaintiff with investigation materials regarding some of the lost property, which reflected that five of Plaintiff's pieces of artwork were confiscated for containing images "suspiciously close" to prohibited affiliations. [Id.].

Plaintiff alleges that the confiscation of his property "was another act of retaliation," that the confiscation of his book and artwork violated his "14th Amendment right to be free from religious discrimination," and that "the use of profane language regarding [his] ethnicity also violates the 14th Amendment, to be free from racial discrimination." [Id. at 8-9]. Plaintiff

3

alleges that the theft of his legal documents "brings up a serious retaliation claim" under the First Amendment because the documents included those from another action Plaintiff "[is] fighting against Marion Correctional Institute." [Id. at 9]. Finally, Plaintiff alleges that his conditions of confinement violated the Eighth Amendment.[1] [Id.]. For injuries, Plaintiff claims loss of property. [Id. at 3]. Plaintiff seeks monetary relief only. [Id. at 5, 9].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios.

---

[1] The Court will address those claims fairly raised by Plaintiff's allegations.

Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).  Furthermore, a pro se complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law.  See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

### A. Defendants NCDAC and Marion CI

Plaintiff attempts to name the NCDAC and Marion CI as Defendants in this matter. However, "neither a state nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Therefore, the NCDAC is not a "person" under § 1983.  See Fox v. Harwood, 2009 WL 1117890, at *1 (W.D.N.C. April 24,

2009). Nor are NCDAC facilities, such as Marion CI. See id. The Court, therefore, will dismiss these Defendants with prejudice.

## B. Official Capacity Claims

"[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, as noted the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). Plaintiff's official capacity claims, therefore, do not survive initial review and will be dismissed.

## C. First Amendment

### 1. Retaliation

An inmate has a clearly established First Amendment right to be free from retaliation for filing grievances. See Booker v. S.C. Dep't of Corrs., 855 F.3d 533, 540 (4th Cir. 2017); Thompson v. Commonwealth of Va., 878 F.3d 89, 110 (4th Cir. 2017). Inmates also have a protected First Amendment right to complain to prison officials about prison conditions and improper

treatment by prison employees that affect them.  See Patton v. Kimble, 717 Fed. App'x 271, 272 (4th Cir. 2018).

To state a colorable First Amendment retaliation claim, a plaintiff must allege that (1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct.  Martin v. Duffy, 977 F.3d 294, 299 (4th Cir. 2020) (quotation marks and citation omitted).  Retaliation claims brought by prisoners, however, are treated with skepticism because every act of discipline by a prison official is retaliatory in that it responds directly to prisoner misconduct.  See Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994).

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, Plaintiff's allegations are nonetheless too vague and conclusory to state a retaliation claim.  Plaintiff alleges that the confiscation of certain personal property incident to his transfer to segregation was retaliation. He fails to allege any connection between a protected activity and any Defendant's conduct. Plaintiff also alleges that the condition of his toilet was "clearly another form of retaliation."  He fails to allege, however, who was responsible for this condition or any connection between the condition and a protected activity.  The Court, therefore, will dismiss Plaintiff's

7

retaliation claims.

## 2. Free Exercise

To state a free exercise claim under the First Amendment, a plaintiff must allege facts sufficient to show that: (1) he held a sincere religious belief and (2) that his religious practice has been substantially burdened by a prison policy or practice. See generally Hernandez v. C.I.R., 490 U.S. 680, 699 (1989); Greenhill v. Clarke, 944 F.3d 243, 253 (4th Cir. 2019). A prison policy that substantially burdens an inmate's ability to practice his religion withstands a First Amendment challenge when it is "reasonably related to legitimate penological interests." O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987) (quoting Turner, 482 U.S. at 89). "A substantial burden either puts pressure on a person to change his religious beliefs or puts that person to a choice between abandoning his religion or following his beliefs and losing some government benefit." Firewalker-Fields v. Lee, 58 F.4th 104, 114 (4th Cir. 2023) (citing Lovelace v. Lee, 472 F.3d 174, 187 (4th Cir. 2006)). If that threshold showing is made, the prisoner must then show that the practice or regulation is not "reasonably related to legitimate penological interests." Id. (quoting Turner, 482 U.S. at 89).

To the extent Plaintiff intends to bring a First Amendment free exercise claim, he has failed. Plaintiff has alleged neither a sincerely held religious

belief nor a substantial burden thereof. The Court, therefore, will dismiss this claim.

### 3. Denial of Access to the Courts

The Supreme Court stated in Bounds v. Smith, 430 U.S. 817 (1977), that prisoners must have meaningful access to the courts. The "meaningful access" referred to in Bounds does not, however, entitle a plaintiff to total or unlimited access. See Moore v. Gray, No. 5:04-CT-918-FL, 2005 WL 3448047, at *1 (E.D.N.C. Jan. 26, 2005), *aff'd*, 133 Fed. App'x 913 (4th Cir. 2005) (unpublished) (citation omitted). The right of access to the courts only requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement. See Lewis v. Casey, 518 U.S. 343, 356-57 (1996). Moreover, as a jurisdictional requirement flowing from the standing doctrine, the prisoner must allege an actual injury. See id. at 349. "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim challenging their conviction or conditions of confinement. See id. A plaintiff's "[f]ailure to show that a 'nonfrivolous legal claim has been frustrated' is fatal to his Bounds claim." Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (quoting Casey, 518 U.S. at 353).

Taking Plaintiff's allegations as true and giving him the benefit of every

reasonable inference, he has nonetheless failed to state a First Amendment claim based on denial of access to the courts. Plaintiff alleges only that he lost legal documents relative to another case he has pending against Marion CI.[2] He does not allege having suffered any actual injury as a result of the lost documents. The Court, therefore, will also dismiss this claim.

### D. Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). "The Eighth Amendment 'does not prohibit cruel and unusual prison conditions.'" Thorpe v. Clarke, 37 F.4th 926, 940 (4th Cir. 2022) (quoting Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993)). "It asks instead whether the conditions of confinement inflict harm that is, objectively, sufficiently serious to deprive of minimal civilized necessities." Id. (citation omitted). "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment prohibition against cruel and unusual punishment." Dixon v. Godinez, 114 F.3d 640, 642 (7th Cir. 1997). Extreme deprivations are required. Hudson v. McMillian, 503 U.S. 1, 9 (1992).

---

[2] A review of the docket for the Western District of North Carolina shows no other pending or past cases brought by the Plaintiff against or involving Marion CI.

10

To establish an Eighth Amendment claim, an inmate must satisfy both an objective component—that the harm inflicted was sufficiently serious—and subjective component—that the prison official acted with a sufficiently culpable state of mind. Williams, 77 F.3d at 761. The Supreme Court has stated that "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. A plaintiff must also allege "a serious or significant physical or emotional injury resulting from the challenged conditions." Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993).

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, Plaintiff has failed to state an Eighth Amendment conditions of confinement claim. While the circumstances described by Plaintiff were certainly undesirable and uncomfortable, he has not alleged facts showing that any Defendant was subjectively aware of any substantial risk of serious harm to the Plaintiff based on the challenged conditions. The Court, therefore, will dismiss this claim.

### E. Fourteenth Amendment

#### 1. Equal Protection

The Court considers Plaintiff's claim of discrimination under the Fourteenth Amendment's equal protection clause. To state an equal protection claim, Plaintiff must allege that he has been treated differently from others with whom he is similarly situated, and that the unequal treatment was the result of intentional or purposeful discrimination. See Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). In doing so, the plaintiff must set forth "specific, non-conclusory factual allegations that establish an improper [discriminatory] motive." Williams v. Hansen, 326 F.3d 569, 584 (4th Cir. 2003) (quoting Trulock v. Freeh, 275 F.3d 391, 405 (4th Cir. 2001)).

Plaintiff alleges only that Defendant Kalinowski called him an "ignorant ni\*\*er." The law is well-established that taunting comments, slurs, threats, and other verbal harassment by correctional facility staff, without more, are not actionable under § 1983. Wilson v. United States, 332 F.R.D. 505, 520 (S.D. W.Va. Aug. 19, 2019) (collecting cases). Plaintiff does not allege facts showing that he was treated differently from others with whom he is similarly situated or that such unequal treatment was the result of intentional or purposeful discrimination. The Court, therefore, will dismiss Plaintiff's equal

protection claim.

## 2. Due Process

The Court also considers whether Plaintiff's allegations raise a Fourteenth Amendment due process claim. No due process claim lies from the alleged deprivation of property if there is an adequate post-deprivation remedy in state tort law. See Hudson v. Palmer, 468 U.S. 517, 533 (1984) (stating that intentional deprivations of property do not violate the Due Process Clause if a meaningful post-deprivation remedy for the loss is available); Wilkins v. Whitaker, 714 F.2d 4, 6 (4th Cir. 1983) ("Under North Carolina law, an action for conversion will lie against a public official who by an unauthorized act wrongfully deprives an owner of his property."). As such, to the extent Plaintiff seeks to raise a due process claim, he has failed to state a claim based on the alleged taking of his property because there is an adequate post-deprivation remedy. The Court, therefore, will also dismiss this claim.

Because Plaintiff has failed to state any claim for relief, the Court will dismiss Plaintiff's Complaint without prejudice. The Court, however, will allow Plaintiff to amend his Complaint to state a claim for relief in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint.

Piecemeal amendment will not be permitted.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review and will be dismissed without prejudice. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint fails initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B) for Plaintiff's failure to state a claim for relief and shall be **DISMISSED WITHOUT PREJUDICE** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Defendants North Carolina Department of Adult Correction and Marion Correctional Institution are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If

Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

**IS SO ORDERED**.

Signed: January 17, 2025

Martin Reidinger
Chief United States District Judge